IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

YVON ELLIS, #111917                                               PETITIONER

v.                                                                No. 4:07CV163-P-S

RAYMOND BYRD, ET. AL.                                             RESPONDENTS

**MEMORANDUM OPINION**

This matter comes before the court on the petition of Yvon Ellis for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has responded to the petition. The matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be denied.

**Facts and Procedural Posture**

Yvon Ellis is in the custody of the Mississippi Department of Corrections and is currently housed in the Delta Correctional Facility in Greenwood, Mississippi. He was convicted of statutory rape and sentenced by the Circuit Court of the Second Judicial District of Carroll County, Mississippi, to a term of twenty years in the Mississippi Department of Corrections. State Court Record ("S.C.R."), Vol. 1, pp. 51-52.

Ellis appealed his conviction and sentence to the Mississippi Supreme Court, assigning as error (as stated through counsel):[1]

"Brief of the Appellant":

1.   The trial court committed reversible error when it over-ruled defense motion to suppress DNA evidence.

---

[1] Ellis filed an initial brief through attorney W. Mitchell Moran. He then filed an amended brief through attorney Imhotep Alkebu-lan, raising similar issues. The claims raised by each attorney were similar; however, in the interest of completeness, the court has set forth the claims from each brief separately.

2. The trial court committed reversible error when it did allow DNA results into evidence when the proper chain of custody was not proved.

"Appellant's Amended Brief"

1. The trial court committed reversible error when it admitted into evidence testimony of the result of several DNA tests where its labeling and packaging and the chain of custody from the Mississippi Crime Laboratory to the private Reliagene Technologies, Inc. Laboratory was not established.

The Mississippi Supreme Court considered these issues on the merits[2] and affirmed Ellis' conviction and sentence *Ellis v. State*, 934 So.2d 1000 (Miss. 2006) (Cause No. 2005-KA-01460-SCT).

Ellis, through counsel,[3] filed a petition for post-conviction collateral relief ("PCR") in the Mississippi Supreme Court alleging as error (summarized for ease of presentation):[4]

I. Ellis was denied effective assistance of counsel when counsel Moran: mistakenly told Petitioner the charges had been dropped, failed to inform Petitioner of his mistake, failed to contact Ellis, and violated Petitioner's right to counsel of his choice by intimidating Ellis into keeping Moran as counsel. In support of the ineffective assistance of counsel claim, Ellis also argues that, because he was told that the District Attorney would not allow him to hire new counsel, his right to counsel of his choice was further hindered.

After considering Ellis' claim, the Mississippi Supreme Court denied Petitioner's PCR, holding in pertinent part, "After due consideration, the panel finds that Ellis' ineffective assistance of

---

[2] The appellate court chose to consolidate Ellis' issues into one. Each of the issues raised in Ellis' various appellate briefs were addressed in the court's opinion.

[3] At this point in the proceedings, Ellis was represented by new counsel, Amelia Smith Murphree.

[4] Ellis' application for post-conviction relief did not contain an itemized list of claims; instead, the grounds for relief were presented as a narrative. The court has summarized the claims for ease of presentation.

counsel claim does not pass the standard set forth in *Strickland v. Washington*, 446 U.S. 668, 687 (1984), and that his application should be denied." In the present petition, Ellis raises the same claim raised in his state court PCR.

**Grounds Reviewed on the Merits in State Court**

The Mississippi Supreme Court has already considered the petitioner's claims on the merits and decided those issues against the petitioner; hence, these claims are barred from *habeas* review by the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2254(d), unless they meet one of its two exceptions:

> (d) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings *unless* the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Id.* (emphasis added). The first exception, subsection (d)(1), applies to questions of law. *Morris v. Cain*, 186 F.3d 581 (5th Cir. 2000). The second exception, subsection (d)(2), applies to questions of fact. *Lockhart v. Johnson*, 104 F.3d 54, 57 (5th Cir. 1997). Since the petitioner's claims challenge both the application of law and the finding of fact, this court must consider the exceptions in both subsections.

Under subsection (d)(1), a petitioner's claim merits *habeas* review if its prior adjudication "resulted in a decision that was *contrary to*, or involved an *unreasonable application* of, clearly established Federal law." *Id.* (emphasis added). A state court's decision

is *contrary to* federal law if it arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law, or if it decides a case differently from the Supreme Court on a set of "materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 1523 (2000). A state court's decision involves an *unreasonable application of* federal law if it identifies the correct governing principle but unreasonably (not just incorrectly) applies that principle to facts of the prisoner's case; this application of law to facts must be *objectively* unreasonable. *Id.* at 1521. As discussed below, the petitioner has not shown that the Mississippi Supreme Court unreasonably applied the law to the facts, or that the court's decision contradicted federal law. Accordingly, the exception in subsection (d)(1) does not apply to any of the petitioner's claims.

Nevertheless, under § 2254(d)(2) these grounds may still merit review if the facts to which the supreme court applied the law were determined unreasonably in light of the evidence presented. Because the supreme court is presumed to have determined the facts reasonably, it is the petitioner's burden to prove otherwise, and he must do so with clear and convincing evidence. *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000); 28 U.S.C. § 2254(e)(1). As discussed below, the petitioner has failed to meet this burden; as such, he cannot use subsection (d)(2) to move these claims beyond § 2254(d), which bars from *habeas corpus* review issues already decided on the merits.

### Ineffective Assistance of Counsel

To prove a claim of ineffective assistance of counsel, a *habeas* petitioner must prove that counsel's performance was deficient – and that his deficient performance cause prejudice to the petitioner's legal position. *Strickland v. Washington*, 466 U.S. 668 (1984). Under the deficiency

prong of the test, the petitioner must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. The court must analyze counsel's actions based upon the circumstances at the time – and must not use the crystal clarity of hindsight. *Lavernia v. Lynaugh*, 845 F.2d 493, 498 (5th Cir. 1988). The petitioner "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (citation omitted). To prove prejudice, the petitioner must demonstrate that the result of the proceedings would have been different or that counsel's performance rendered the result of the proceeding fundamentally unfair or unreliable. *Vuong v. Scott*, 62 F.3d 673, 685 (5th Cir.), *cert. denied*, 116 S.Ct. 557 (1995); *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993); *Sharp v. Johnson*, 107 F.3d 282, 286 n.9 (5th Cir. 1997).

## Conclusory Allegations

Ellis argues that he was denied effective assistance of counsel when trial counsel Moran: (1) mistakenly told him that the charges against him had been dropped, (2) failed to inform Ellis of the mistake, (3) failed to contact Ellis, and (4) violated Ellis' right to counsel of his choice by intimidating Ellis into keeping Moran as counsel. In addition, in support of the ineffective assistance of counsel claim, Ellis also argues that, (5) because he was told that the District Attorney would not allow him to hire new counsel, his right to counsel of his choice was further hindered.

Unfortunately for Ellis, there is simply nothing in the record to support these allegations. First, Ellis has offered no evidence that counsel Moran told him that the charges against him were dropped. Likewise, there is nothing in the record to indicate that Ellis attempted to contact

Moran – or that Moran failed to communicate with him. Indeed, at the time of the suppression hearing on May 3, 2005, Moran had only recently become involved in the case. S.C.R, Vol. 1, pg. 7. Further, there is no record that Ellis asked the court to discharge Moran and hire a new attorney, and there is nothing to suggest that such a request would have been denied.[5] Similarly, the record does not reflect that Moran intimidated Ellis into retaining him as counsel. Finally, although Ellis claims he "was told" that the District Attorney would not allow him to retain new counsel, he does not state *who* made this statement, *when* it occurred, *where* it was said, or the *context* in which it was made. In short, none of the petitioner's claims is supported in the record. As such, Ellis' claims for relief are bare allegations – which do "not raise [] constitutional issue[s] in a habeas proceeding." *Schlang v. Heard,* 691 F.2d 796, 798 (5th Cir.1982) (collecting cases)." *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983). For this reason, the present petition for a writ of *habeas corpus* shall be denied. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 29th day April, 2009.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE

---

[5] A criminal defendant has, under the Sixth Amendment, the right to counsel of his choice. *Wheat v. U.S.*, 486 U.S. 153, 165, 108 S.Ct. 1692 (1988). However, the right "is not absolute. A substantial and legitimate governmental interests may require the courts to disturb the defendant's choice of counsel . . . ." *Caplin & Drysdale, Chartered v. U.S.*, 491 U.S. 617, 651, 109 S.Ct. 2667 (1989).